## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

UNITED STATES OF AMERICA,

      *Plaintiff,*

*v.*

WAYNE MARSHALL ACUNA,

      *Defendant.*

_____/

Case No. 1:18-cr-20134

Thomas L. Ludington
United States District Judge

Patricia T. Morris
United States Magistrate Judge

## REPORT AND RECOMMENDATION TO GRANT ATTORNEY PAULA FISHER'S MOTION TO WITHDRAW AS ATTORNEY OF RECORD FOR DEFENDANT (No. 44)[1]

## I.  RECOMMENDATION

For the following reasons, **IT IS RECOMMENDED** that the Court **GRANT** the Motion to Withdraw as Attorney of Record (ECF No. 44).

## II.  REPORT

### A.  Background

On May 13, 2025, Attorney Paula Fisher filed this motion to withdraw as attorney of record for Defendant.  (ECF No. 44).  Defendant retained Fisher to represent him in a supervised release violation authorized on July 9, 2024, and later

---

[1] Fisher filed a motion requesting the same relief in another criminal case (Case No. 1:17-cr-20109).  The same recommendation will be made in that case.

dismissed on January 8, 2025, after Defendant pled guilty to three violation allegations. (ECF No. 41). Following the dismissal, the case was closed, and Defendant's supervision "was continued with the addition of a condition authorizing up to 180 days at the Residential Reentry Center for the purpose of establishing a suitable residence[.]" (*Id.* at PageID.127).

On March 10, 2025, a new supervised release petition was filed. (ECF No. 42). Defendant has not yet appeared in Court on the new petition. As such, Defendant has not been appointed counsel nor had a new attorney enter an appearance on his behalf. Fisher has not participated in any proceedings related to the new violation, which is consistent with this Court's practice of not automatically carrying over representation in one post-judgment matter to any subsequent matters.

Out of an abundance of caution and to clarify the record, Fisher filed the instant motion to withdraw. (ECF No. 44). The Government has filed a response indicating that it does not object to the motion. (ECF No. 46).

## B.   Legal Standard

Eastern District of Michigan Local Criminal Rule 57.1 governs appearances by attorneys in criminal cases. Relevantly, subpart (a) provides that "[a]n attorney, whether retained or appointed, who enters a post-indictment appearance shall continue to represent the defendant *until the case is dismissed*, the defendant is acquitted, or the direct appeal is completed unless the attorney is granted leave to

withdraw." E.D. Mich. LCrR 57.1(a) (emphasis added).  Specifically, in the context of post-judgment criminal proceedings, an attorney's appearance on a supervised release violation does not automatically extend to future violations unless and until the Court explicitly orders continued representation.

Where an attorney's representation has not automatically ended for one of the above reasons, and

> [e]xcept for the automatic withdrawal of a mentee attorney . . . , an attorney who has appeared in a criminal case may thereafter withdraw only by written motion served upon the defendant personally or at the defendant's last-known address and upon all other parties.  The Court may deny a motion to withdraw if the attorney's withdrawal would unduly delay trial of the case, or be unfairly prejudicial to any party, or otherwise not be in the interest of justice.

E.D. Mich. LCrR 57.1(d).  Whether to grant a motion to withdraw is within the Court's discretion.  *United States v. Mack*, 258 F.3d 548, 555–56 (6th Cir. 2001).

### C.    Analysis

In this case, Fisher seeks to withdraw from a matter in which she has not formally appeared.  Her prior representation was limited to a supervised release violation that has since been dismissed.  No appearance has been entered for the newly filed violation, and Defendant has not yet been brought before the Court.  Thus, no proceedings are pending in which Fisher is participating.

In sum, while Fisher's motion is technically unnecessary under this Court's Local Rules and practices, granting it would clarify the record and avoid confusion

regarding her continued representation.  There is no indication that withdrawal would delay proceedings or prejudice Defendant, no action has been taken on the new violation, and no substitution of counsel is required.  Under these circumstances, the motion to withdraw may be granted without risk of prejudice or disruption.

### D.   Conclusion

For these reasons, **IT IS RECOMMENDED** that the Motion to Withdraw as Attorney of Record (ECF No. 44) be **GRANTED**.

## III.   <u>REVIEW</u>

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  A party may respond to another party's objections within 14 days after being served with a copy."  Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this R&R.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v.*

*Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this R&R to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  June 9, 2025                           s/PATRICIA T. MORRIS
                                              Patricia T. Morris
                                              United States Magistrate Judge